Tony Leavon CURTIS, Petitioner–
Appellant,

v.

Edward S. ALAMEIDA, Jr., Director
CDC, et al., Respondents–
Appellees.

No. 05–55790.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 5, 2007.

Filed June 27, 2007.

Tony Leavon Curtis, Crescent City, CA,
pro se.

Thomas C. Hsieh, DAG, Office of the
California Attorney General, Los Angeles,
CA, for Respondents–Appellees.

Before: SILVERMAN, and
CALLAHAN, Circuit Judges, and
ROBART,* District Judge.

MEMORANDUM **

Tony Leavon Curtis, a California state
prisoner, appeals the district court's denial

---

\* The Honorable James L. Robart, United States
District Judge for the Western District of
Washington, sitting by designation.

\*\* This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by Ninth Circuit Rule 36–3.

of his petition for a writ of habeas corpus under 28 U.S.C. § 2254. We have jurisdiction pursuant to 28 U.S.C. § 2253. Reviewing the district court's decision de novo, *Nunes v. Mueller,* 350 F.3d 1045, 1051 (9th Cir.2003), we affirm the denial of habeas relief.

Three issues have been certified for appeal: (1) whether the prosecutor improperly vouched for the credibility of two witnesses during trial, and if so, whether there was resulting prejudice; (2) whether trial counsel rendered ineffective assistance in failing to object to the prosecutor's comments as vouching; and (3) whether appellate counsel rendered ineffective assistance in failing to argue the issue of vouching on direct appeal. Because no state court adjudicated the merits of Curtis's prosecutorial vouching claim, we consider de novo whether a due process violation occurred. *See Pirtle v. Morgan,* 313 F.3d 1160, 1167 (9th Cir.2002). As to his remaining claims, we consider, under the Anti-terrorism and Effective Death Penalty Act, whether the state court's adjudication was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court. *See* 28 U.S.C. § 2254(d)(1).

■ Curtis has not shown that the purported vouching "so infected the trial with unfairness" as to make his resulting conviction a denial of due process. *See Darden v. Wainwright,* 477 U.S. 168, 181, 106 S.Ct. 2464, 91 L.Ed.2d 144 (1986) (quoting *Donnelly v. DeChristoforo,* 416 U.S. 637, 643, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974)). The challenged statements were largely responsive to defense counsel's aggressive attacks on the witnesses' credibility. *See United States v. Young,* 470 U.S. 1, 11, 105 S.Ct. 1038, 84 L.Ed.2d 1 (1985) (holding that vouching was not plain error, in part, because it came as an "invited response"). Significantly, the trial court's instructions to the jury mitigated any risk of unfairness posed by the prosecutor's comments. *See Darden,* 477 U.S. at 182, 106 S.Ct. 2464. Even if error occurred, it did not have a substantial and injurious effect on the jury's determination of the verdict. *See Brecht v. Abrahamson,* 507 U.S. 619, 623, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993).

■ As to Curtis's contention that his trial and appellate counsel rendered ineffective assistance by failing to, respectively, object to and raise the issue of prosecutorial vouching, Curtis can establish neither counsels' deficient performance, nor resulting prejudice. *See Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In reviewing counsels' performance, we "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689, 104 S.Ct. 2052. Trial counsel reasonably decided not to risk trying the jury's patience by objecting to the prosecutor's comments during argument. *See Young,* 470 U.S. at 13, 105 S.Ct. 1038 (noting that "interruptions of arguments are matters to be approached cautiously"). Likewise, appellate counsel's failure to raise prosecutorial vouching on direct appeal was reasonable, as this claim offered only a slight chance of success. *See Miller v. Keeney,* 882 F.2d 1428, 1434 (9th Cir.1989) (noting that "the weeding out of weaker issues is widely recognized as one of the hallmarks of effective appellate advocacy"). Finally, because the record falls short of establishing that prosecutorial vouching prejudiced Curtis, counsels' purported omissions in this regard do not undermine our confidence in the jury's verdict. Accordingly, we hold that the district court properly concluded that the state court's denial of Curtis's ineffective assistance claims was not contrary to, and did not involve an unreasonable application of federal law, as determined by the

Supreme Court. *See* 28 U.S.C. § 2254(d)(1).

**AFFIRMED.**

---

* The Honorable Edward C. Reed, Jr., Senior United States District Judge for the District of Nevada, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.